1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEND**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAGHIB SIAL, an individual,⟩<br>⟩<br>Plaintiff,⟩<br>⟩<br>vs.⟩<br>⟩<br>PROFESSIONAL COLLECTION⟩<br>CONSULTANTS, a corporation, and⟩<br>DOES 1 through 10 inclusive,⟩<br>⟩<br>Defendants.⟩<br>⟩<br>_____⟩ | Case No. CV 07 - 7868 ODW (MANx)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ATTORNEY FEES<br>AND DENYING PLAINTIFF'S<br>REQUEST FOR COSTS |

I.      INTRODUCTION

In this action, Plaintiff filed his Complaint on December 3, 2007, and amended his Complaint on February 28, 2008, alleging unlawful debt collection practices on the part of Defendant in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. On March 28, 2008, Defendant made an offer of judgment for the sum of $2,500 plus court costs and reasonable attorneys' fees. That same day, Plaintiff accepted Defendant's offer. On April 4, 2008, the court entered judgment pursuant to Federal Rule of Civil Procedure 68.

Now before the court is Plaintiff Raghib Sial's Motion for Attorneys' Fees ("Motion"). According to his papers, Plaintiff seeks an award of fees against Defendant in the amount of $5,572 and costs in the amount of $395. Having considered the

1    arguments raised in support of and in opposition to the instant Motion, the court deems this

2    matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule

3    7-15.  For the following reasons, Plaintiff is awarded fees in the amount of **$2,786**.

4

5    II.    DISCUSSION

6           A.    Attorneys' Fees

7                 1.    *Entitlement*

8           The Fair Debt Collection Practices Act expressly authorizes the recovery of

9    attorneys' fees and costs to a successful consumer plaintiff.  *See* 15 U.S.C. § 1692k(a)(3).

10   Additionally, Defendant stipulated to paying reasonable attorneys' fees in the Rule 68 offer

11   of judgment.  Therefore, Plaintiff is entitled to *reasonable* attorneys' fees.

12                 2.    *Reasonableness*

13          The Court now turns to whether Plaintiff's requested fees are reasonable.  An award

14   of reasonable fees is initially determined by calculating the "lodestar" figure: the number

15   of hours reasonably expended multiplied by a reasonable hourly rate. *City of Burlington*

16   *v. Dague*, 505 U.S. 557, 559 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983);

17   *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  The fee applicant bears the

18   burden of documenting the hours expended in litigation and must submit evidence in

19   support of those hours.  *Id.*  "Those hours may be reduced by the court where

20   documentation of the hours is inadequate; if the case was overstaffed and hours are

21   duplicated; if the hours expended are deemed excessive or otherwise unnecessary."

22   *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied,*

23   *amended on other grounds*, 808 F.2d 1373 (1987).

24          The lodestar analysis is further informed by the factors set forth in *Kerr v. Screen*

25   *Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).  Those factors are "intended to

26   provide district courts with guidance in making the determination of the number of hours

27

28                                                    2

reasonably expended on litigation and reasonable hourly rate." *Chalmers*, 796 F.2d at 1211.

The *Kerr* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr*, 526 F.2d at 69-70.

The district court is given wide latitude in reducing the fee applicant's compensable hours based on the above criteria. However, the court must provide an explanation for the fee award. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

Here, Plaintiff requests $5,572 in attorneys' fees for 22.1 hours of work. In opposition to Plaintiff's Motion, Defendant argues that Plaintiff's Motion was untimely filed after the 15 days set forth in the court's order. Plaintiff, however, attempted to file his Motion on time, but it was rejected by the docketing clerk. This rejection was purely technical, therefore, the court considers Plaintiff's first attempt at filing his Motion as the operative date, which means Plaintiff's motion was timely. Additionally, Defendant submitted a declaration by an experienced debt collection attorney who estimated that the reasonable time expended on this case should have been no more than four hours. The court agrees that Plaintiff has expended too much time on this relatively simple lawsuit, but it finds four hours to be less than reasonable.

As the Ninth Circuit has stated, the court is "required to explain the reasons for its fee award" but is not required to make findings as to each specific objection. *See Gates*, 987 F.2d at 1400. Moreover, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id.* at 1399. Thus, the court has independently analyzed Plaintiff's accounting records and finds that, as further explained below, the

1    interest of justice is best served by making an across-the-board percentage reduction to

2    account for excessive hours listed in Plaintiff's billing.

3    　　　　To begin, while the Court does not contend that Plaintiff's attorneys intended to

4    "pad" their bills, it surmises that Plaintiff's attorneys (and paralegals) often acted with a

5    degree of zeal and thoroughness beyond that which would have been exercised by a

6    reasonable attorney for this particular matter.  This applies to both large and small

7    examples of their billing practices.

8    　　　　In terms of large examples, the court need not venture past Plaintiff's entries for

9    preparation, drafting, and proofreading the Complaint to note the inordinate amount of time

10   billed by three to four different people.  Plaintiff allegedly spent nearly 10 hours on

11   preparing the Complaint.  This does not include the time Plaintiff spent preparing the

12   Complaint to be filed, preparing the summons and civil cover sheet, etc.  Defendant argues

13   that a qualified attorney would have spent no more than one hour preparing the Complaint.

14   The court feels that five hours would have been a reasonable amount of time.

15   　　　　By way of smaller examples, the court notes that Plaintiff's billing sheet is based

16   entirely on a combination of small entries.  Therefore, at first glance, the time spent appears

17   reasonable.  However, when applying the *Kerr* factors, it is clear that this case could have

18   been litigated using much less time.  Using the first *Kerr* factor, the court notes this case

19   was a simple action filed to contest alleged tactics of unfair debt collection.  Thus, the time

20   and labor required was minimal.  In addition, this case settled after only the Complaint and

21   Amended Complaint were filed, which means there was not much, if any, back-and-forth

22   litigation in this action.

23   　　　　Further, without expanding on each of the *Kerr* factors, it is clear that reducing the

24   overall fee is warranted here.  With regard to the parties' positions, the court considers

25   Defendant's suggested four hours as too little and Plaintiff's 22 hours as too much.

26

27

28   　　　　　　　　　　　　　　　　　　　　　　　4

Therefore, the court deems it appropriate to simply reduce Plaintiff's request by 50%. Accordingly, Plaintiff's original request of $5,572 in fees is reduced to **$2,786**.

      B.    <u>Costs</u>

Plaintiff requests costs in the amount of $395. Defendant argues that the request for costs should be denied because Plaintiff, in violation of Local Rule 54-3, waited until May 8, 2008 to file his Application to Tax Costs. Local Rule 54-3 states, "[w]ithin fifteen (15) days after the entry of judgment, the party entitled to costs shall electronically file a Notice of Application to the Clerk to Tax Costs." Here, while Plaintiff referred to a request of $395 in costs in his timely filed Motion for Fees, he failed to comply with Local Rule 54-3 by not timely filing his application with the Clerk. Therefore, Plaintiff's request for costs is DENIED.

III.    CONCLUSION

For the foregoing reasons, Plaintiff is entitled to a total fee amount of **$2,786**. This amount was calculated by reducing Plaintiff's original fee request by 50%. Plaintiff's request for costs is DENIED. Defendant Professional Collection Consults is ordered to pay $2,786, in a manner directed by Plaintiff's counsel, not later than thirty (30) days from the date of this Order.

IT IS SO ORDERED.

DATED:    June 12, 2008

_____

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE